WALTER GRAHAM, AN INFANT, BY HIS GUARDIAN *AD LITEM*, ELVIRA GRAHAM, PETITIONER-RESPONDENT, v. MAX GREEN, INDIVIDUALLY, AND TRADING AS SERVICE BEVERAGE CO., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 26, 1959—Decided February 17, 1959.

Before Judges SCHETTINO, HALL and GAULKIN.

*Mr. Isidor Kalisch* argued the cause for appellant.

*Mr. Harry Cohn* argued the cause for petitioner-respondent.

The opinion of the court was delivered by

SCHETTINO, J. A. D.   Appeal is from a County Court judgment in favor of the petitioner affirming an award of compensation of a Deputy Director of the Division of Workmen's Compensation.

It is our function to weigh and consider the evidence anew, make our own findings but accord deference to the Deputy Director's opportunity to judge the credibility of the witnesses. *Yeomans v. Jersey City,* 27 *N. J.* 496, 511 (1958); *Russo v. United States Trucking Corp.,* 26 *N. J.* 430, 435 (1958); *Ricciardi v. Marcalus Mfg. Co.,* 26 *N. J.* 445, 446–447 (1958). We consider this appeal with these principles in mind.

The facts, insofar as are pertinent herein, are as follows. Appellant is a dealer in soda beverages. On May 23, 1956 Willie Benjamin, a truck driver employed by Society Club Beverage Co., called at appellant's plant to pick up some empty bottles. While doing so it was necessary to remove some cases of empty bottles stacked against a partition. The partition, a permanent one, unexpectedly collapsed causing many cases of bottles to crash to the ground. The testimony indicated that anywhere from a few hundred to a thousand bottles were broken. On Friday, May 25, 1956, Saul Kopf, an agent of the appellant, asked Benjamin if he could come to appellant's plant on his day off, on the following day, to clean up the broken glass and to bring a helper with him. Benjamin accepted and returned on Saturday with the peti-

tioner, a friend of his, and did the work. Both were paid by appellant for their labor.

While cleaning up the glass petitioner cut his finger but continued to work, wrapping his handkerchief around the cut. He reported to work with his regular employer, the Robert Treat Beverage Company, on the following Monday and Tuesday, as a helper on a soda delivery truck. Late Monday or early Tuesday the finger began to pain him intensely and he reported to a clinic. The wound had become severely infected. Petitioner discontinued his work with Robert Treat.

Petitioner subsequently filed his petition for workmen's compensation in which he sought double recovery pursuant to the provisions of *N. J. S. A.* 34:15–10 as petitioner was an infant under eighteen years of age at the time of the accident. At the hearing appellant denied that petitioner sustained an accident arising out of and in the course of employment with appellant, denied that petitioner was an employee of appellant, and alleged that petitioner was a casual employee within the provisions of *N. J. S. A.* 34:15–36.

At the hearing testimony was adduced on behalf of appellant that, previous to the incident of May 23, the most bottles that had ever been broken at any particular time in respondent's plant were 36. It was conceded that on all previous occasions the normal breakage of bottles was cleaned up at the time of breakage by a regular employee. There was further uncontradicted testimony on behalf of appellant that the collapse of a partition with a subsequent breaking of many bottles had never occurred previous to this instance during the approximately fifteen years that appellant had been in the beverage business. Moreover, appellant never before hired any one to clean up broken bottles.

It is also undisputed that petitioner worked at appellant's plant on this one day only, never having worked there before nor since. There is clear testimony, and we so find, that petitioner and Benjamin were employed for the sole purpose of cleaning up the glass and debris that resulted from the collapse of the partition.

The Deputy Director resolved all questions of credibility in favor of petitioner and found that an employer-employee relationship was established and that petitioner was not a "casual employee" within the meaning of *N. J. S. A.* 34:15–36 stating:

"Obviously in the instant case the petitioner was engaged in the employer's business. The breakage of bottles and the removal thereof were a normal incident in the respondent's business, and the fact that several hundred bottles were broken on a single day does not change the legal relationship between the parties.

It was not chance or accidental employment, anymore than employment of extra help for a short or long period caused by the absence of a regular employee or caused by the development of more work than the regular employees could perform would be chance or accidental employment."

The County Court affirmed the award of compensation of the Deputy Director and in the course of its opinion stated:

"* * * I further find that the employment of the petitioner by the respondents was in connection with the employer's business, the occasion for which did not arise by chance or was not purely accidental. The petitioner was not a casual employee. *R. S.* 34:15–36. The breakage of bottles was a natural incident flowing from the business of the respondents, namely, the bottling and distribution of soda and beverages. The breakage of bottles in respondents' business is as simple and clear and reasonably to be expected as the breakage of glasses and dishes in restaurants, luncheonettes, taverns, and like places. It can not, by any reasonable evaluation of the testimony, be construed as having arisen by chance or accident. The employment of the petitioner was necessary in carrying out the business of the respondents in the usual way. *Tettemer v. Slisz*, 131 *N. J. L.* 185 (*E. & A.* 1944). *Thompson v. G. Correale & Sons, Inc.*, 130 *N. J. L.* 185 [431] (*Sup. Ct.* 1943)."

On this appeal appellant contends that (1) petitioner was not his employee; (2) petitioner was a casual employee; (3) petitioner's disability did not result from employment with appellant, and (4) if there be liability, the proper compensation rate should be $23.33 based upon a weekly wage of $35 rather than $50. However, in view of the determination we reach on (2), the question of "casual" employment, we need not discuss the other questions raised.

*N. J. S. A.* 34:15–36 provides in part:

"* * * casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring; * * *"

The statute deals with two types of situations. One situation involves work that is of the kind ordinarily undertaken by the employer. Here, the frequency or duration of the claimant's work is immaterial and, unless the employer can show that the occasion for the work arose by chance or accident, the defense of casual employment is not available. *Thompson v. Wagner,* 103 *N. J. L.* 230, 232 (*Sup. Ct.* 1927), affirmed. on opinion, 104 *N. J. L.* 198 (*E. & A.* 1927). The second situation deals with work not in connection with the business of the employer. Here, the cause of the labor is immaterial, the test is solely one of the frequency or duration of the services rendered. *Fitzpatrick v. Haberman,* 16 *N. J. Super.* 490, 494 (*App. Div.* 1951); *Gray v. Greenwood,* 21 *N. J. Misc.* 137 (*Cty. Ct.* 1941) (not officially reported), affirmed 129 *N. J. L.* 596, 598 (*Sup. Ct.* 1943), affirmed on opinion, 130 *N. J. L.* 558 (*E. & A.* 1943).

In the instant case we are dealing with the first situation outlined by the statute. The work performed by this petitioner was clearly in connection with appellant's business of handling soda beverages. As the frequency or duration of the work performed by petitioner is of no moment here, in order to sustain the defense of casual employment, appellant must establish that the occasion for the employment arose by chance or pure accident. The burden of proving this fact is clearly upon appellant. *Malloy v. Capitol Bakery,* 38 *N. J. Super.* 516, 520 (*Cty. Ct.* 1955); *Haytko v. William Crabb & Co.,* 17 *N. J. Super.* 95, 97 (*Cty. Ct.* 1951); affirmed on opinion, 21 *N. J. Super.* 330 (*App. Div.* 1952); *Burdick v. Liberty Motor Freight Lines, Inc.,* 128 *N. J. L.* 229, 233 (*Sup. Ct.* 1942).

■ We are controlled by the exemption as laid down by the Legislature without regard to the reason for it or the wisdom of it. Foreign decisions and definitions of casual employment are of little assistance due to the peculiar language of our statute. *Cierpik v. Borough of Manasquan,* 2 *N. J. Super.* 110, 112 *(App. Div.* 1949). *Cf.* 6 *Words and Phrases, Casual Employee, p.* 286; 1 *Larsen, Workmen's Compensation Law,* § 51.00 *et seq., p.* 759 *et seq.* Our own decisions do not present any definite and controlling criteria as each case must be determined in the light of its particular facts and surrounding circumstances. *Gray* case, *supra.*

*Payne v. Henion Storage Warehouse,* 17 *N. J. Misc.* 404 *(W. C. B.* 1939), is illustrative of the type of employment that is clearly not casual. The petitioner therein was hired by a moving company as an extra man on a particular job. The decision was properly against a finding of casual employment as petitioner was hired "in accordance with the plans of his employer." To the same effect is *Thompson v. G. Correale & Sons, Inc.,* 130 *N. J. L.* 431 *(Sup. Ct.* 1943). There, respondent was in the business of manufacturing and installing bowling alleys. On the date of the accident respondent hired petitioner to assist in the moving of bowling alley parts and equipment because respondent's staff was insufficient to handle the job. The court found the employment not to be casual, stating (at *page* 433):

"There can be no question but that the employment was in connection with the prosecutor's business. Did the *occasion* for the employment arise by chance or purely by accident? From all the evidence it cannot be said to have been either by chance or by accident. Even assuming that his work was to be for a single day, it is clear that petitioner was hired as an extra man for this job in accordance with the plans of the prosecutor and in carrying out its usual business. The *occasion,* therefore, was not by chance or accident, but was necessary to carry out prosecutor's usual business. The duration of the employment is not the test, but whether it was necessary to the carrying out of prosecutor's business in the usual way. *Mullen v. Walker,* 105 *N. J. L.* 199; *Price v. Price,* 9 *N. J. Misc. R.* 435. Clearly this was the usual business of the prosecutor. The only unusual feature of it was the amount of it

and not the character of it. The mere fact that the amount of the work was unusual, requiring the employment of additional help, does not lead to the conclusion that the occasion for it arose by chance so that the employment would be casual, within the meaning of the statute."

The decision is unassailable. Equally so is a like determination in *Haytko, supra.* See also, *Malloy, supra.*

In *Thompson v. Wagner, supra,* petitioner was hired to aid in removing a fall of snow from railroad tracks by respondent, an independent contractor charged with the duty of having the snow cleared off the tracks of the Erie Railroad Company. There was no regular working force assigned to such duty. The contractor's practice was to take on by the day or hour any ablebodied unemployed man who was available to clean the snow. Mr. Justice Parker stated (103 *N. J. L.,* at *page 232*):

"* * * It was, of course, 'in connection with the employer's business'; and consequently the question is whether it was employment 'the occasion for which arose by chance, or was purely accidental'; if either, it was casual. We think it was plainly the first, if not the second. Whether there was occasion for it depended entirely on whether a snowfall should occur. This was, of course, likely to occur at some time in the winter season, but not certain, and should it occur, the time of occurrence depended wholly on vicissitudes of atmospheric conditions."

An identical case, decided similarly on the basis of *Thompson v. Wagner,* is *Lockhardt v. Sterner,* 119 *N. J. L.* 342 (*E. & A.* 1938).

*Tettemer v. Slisz,* 131 *N. J. L.* 185 (*E. & A.* 1944), is a decision which is inconsistent in its reasoning with the *Thompson v. Wagner* and *Lockhardt* decisions. Petitioner there was working as a carpenter in the construction of a barn owned by respondent. A former barn had been destroyed by fire. The respondent apparently argued that, as the occasion for the employment arose because of the accidental destruction of its old barn by fire, the employment was casual in that it arose out of chance or accident. The Court of Errors and Appeals affirmed a judgment for peti-

tioner on opinion of the Supreme Court in which that court said (at *page* 186):

"* * * Tested by that definition, I do not think that this employment was casual. Slisz conducted a dairy farm. His barn was destroyed by fire. It was necessary to have a barn in which to house his cattle. That was surely in connection with and a regular part of his business. To have a barn built under these circumstances is not chance or accident, as those words are used in the statute. The fact that the barn had accidentally been destroyed, it seems to me, is of no significance. To provide housing for his herd is a regular part of his business, whether rebuilding a destroyed barn or building an additional one made necessary because of increased herds and enlarged business. Both the Bureau and the Pleas on appeal found as a fact that the petitioner was employed by Slisz regularly and not casually, and was injured out of and in the course of employment. I think the proofs fully support those findings. I so find."

It appears to us that this case was decided on the peculiar facts and the language quoted was used to rebut a particular argument.

In *Cierpik, supra* (2 *N. J. Super.* 110) the petitioner was employed by the respondent-borough to help clear fallen trees and debris which resulted from a great hurricane which occurred the day before. Petitioner was part of an emergency crew of twenty men employed to do the cleaning up. This emergency crew continued working for approximately two weeks. Petitioner was injured on the first day of employment. Both parties conceded that petitioner's employment was in connection with the borough's business but the borough contended that it was "casual" and consequently outside the Workmen's Compensation Act. The court agreed with respondent. Judge Jacobs, for this court, expressed a recognition of the apparent inconsistency between the *Thompson v. Wagner* and *Lockhardt* decisions, *supra,* on the one hand, and *Tettemer v. Slisz, supra,* on the other. He refused to accept the contention that the *Tettemer* case overruled, *sub silentio,* the other two cases. Instead, he reconciled them on the fact that there was no indication of an "immediate emergency of short duration" in the *Tettemer* case, as there was, says Judge Jacobs, in the cases involving

snow removal and the clearing of trees after the hurricane. Judge Jacobs concluded that the hurricane of 1944 "was a rare event" and that the *Thompson v. Wagner* and *Lockhardt* cases compelled a finding of casual employment especially "since the employment, having resulted from the hurricane, might well be deemed to have been occasioned by chance or pure accident * * *" (2 *N. J. Super.* at page 113). See also *Clausen v. Dinnebeil*, 125 *N. J. L.* 223, 225 (*Sup. Ct.* 1940), and, generally 2 *Schneider, Workmen's Compensation Text,* § 307 (*3rd ed.* 1942).

▇ It is apparent from a review of the above decisions that the authorities · furnish no certain guide for us in the instant case. There is an apparent inconsistency, as pointed out by Judge Jacobs in *Cierpik,* between the *Thompson v. Wagner* and *Lockhardt* reasoning on one side and the *Tettemer* reasoning on the other. As in *Cierpik,* we feel compelled to follow the reasoning of the *Thompson v. Wagner* decision and so must find that the petitioner in the instant case was a casual employee.

In *Thompson v. Wagner, supra,* as stated above, it was respondent's business to keep the tracks free of snow. We repeat for emphasis the Supreme Court's expression of the view that the occasion for the laborer's employment, which was in connection with the employer's business, arose by chance or was purely accidental, saying (103 *N. J. L.* at page 232) :

"* * * Whether there was occasion for it depended entirely on whether a snowfall should occur. This was, of course, likely to occur at some time in the winter season, but not certain and, should it occur, the time of occurrence depended wholly on vicissitudes of atmospheric conditions."

But *cf.* dissent by Mr. Justice Kalisch in the Court of Errors and Appeals at 104 *N. J. L.* 198.

In our view, the instant case compels a finding of casual employment even more so than did *Thompson v. Wagner.* The court there recognized the likelihood of winter snowstorms. Here, the collapse of a partition with the resultant

breakage of many bottles had never occurred in the 15 years respondent had been in business as of the date of the accident. The argument is made that the breakage of bottles is a frequent occurrence in respondent's business and that the only difference here is in the amount of bottles broken. We do not think that this is entirely dispositive. Certainly the cleaning of the ordinary snowfall was part of respondent's business in *Thompson v. Wagner* and *Lockhardt*. But a heavy snowfall is considered as something arising out of chance or accident within the meaning of the statute. So is the unexpected collapse of this partition with the breakage of from a few hundred to a thousand bottles. This is especially true as the most bottles broken on any single occasion in the previous 15 years were 36. The difference between 36 and a few hundred or a thousand may be considered no longer as a difference in degree but may become a difference in kind. Certainly if a violent windstorm or other unexpected force had caused all of respondent's partitions to collapse causing the breakage of, say, 100,000 bottles, it could not be said that this constituted a mere increase in respondent's usual work. A worker hired to clean up such breakage would clearly be a casual employee. We do not define where the line is drawn. We only hold that the accident in this case was of such magnitude as to come within the exception of *N. J. S. A.* 34:15–36. *Cierpik, supra* (2 *N. J. Super.* at *page* 113). Each case of this type must be determined on its particular facts.

The judgment is reversed and the petition is dismissed.